IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


**DANNY LEE HAGAN,**

                **Plaintiff,**

      **v.**                                 **CASE NO. 06-3235-SAC**

**OFFICER SWENSON, et al.,**

                **Defendants.**


**O R D E R**

This matter is before the court on a pro se complaint filed under 42 U.S.C. § 1983 by a prisoner incarcerated in Hutchinson Correctional Facility in Hutchinson, Kansas. Plaintiff alleges the unlawful confiscation and destruction of his personal property, and appears to claim he was subjected to the use of excessive force during his transport to a different cell. Plaintiff seeks damages for the loss of his property, his transfer to another Kansas correctional facility, and to have sixteen disciplinary write-ups vacated and all fines and fees returned.

The Prison Litigation Reform Act (PLRA) enacted in 1996 mandates that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). *See also*, Booth v. Churner, 531 U.S. 956 (2001)(§ 1997e(a), as amended by PLRA,

requires prisoners to exhaust administrative remedies irrespective of the relief sought and offered through administrative channels).

In the present case, plaintiff states he pursued a property claim without relief, and claims he fully exhausted administrative remedies through the Kansas Secretary of Corrections. This is insufficient to demonstrate compliance with § 1997e(a). *See* Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1210 (10th Cir. 2003)(pleading requirement imposed by § 1997e(a) requires a prisoner to attach a copy of applicable administrative dispositions to the complaint, or to "describe with specificity the administrative proceeding and its outcome"), *cert. denied* 543 U.S. 925 (2004). Plaintiff is further advised that the PLRA "contains a total exhaustion requirement, and ... the presence of unexhausted claims in [prisoner]'s complaint require[s][a] district court to dismiss his [or her] action in its entirety without prejudice." Ross v. County of Bernalillo, 365 F.3d 1181, 1189 (10th Cir. 2004); *see also* Graves v. Norris, 218 F.3d 884, 885 (8th Cir. 2000)(*per curiam*)("When multiple prison condition claims have been joined ... § 1997e(a) requires that all available prison grievance remedies must be exhausted as to all of the claims.").

Accordingly, absent supplementation of the complaint to demonstrate compliance with 42 U.S.C. § 1997e(a), the court finds the complaint is subject to being dismissed without prejudice.

IT IS THEREFORE ORDERED that plaintiff is granted twenty (20) days to supplement the complaint to avoid dismissal of the complaint without prejudice pursuant to 42 U.S.C. § 1997e(a).

**IT IS SO ORDERED.**

DATED:  This 11th day of September 2006 at Topeka, Kansas.


                                             s/ Sam A. Crow  
                                            SAM A. CROW  
                                            U.S. Senior District Judge